IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIRK SINGLETON,

    Plaintiff,

v.

WAGNER, SHINN, CHAD JENNINGS, and ROBINSON CORRECTIONAL CENTER,

    Defendants.

Case No. 24-cv-2356-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Dirk Singleton, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections incarcerated at Robinson Correctional Center, filed his Complaint for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Singleton initially filed his Complaint in the United States District Court for the Northern District of Illinois (Doc. 1). On October 22, 2024, Singleton's Complaint was transferred to this Court (Docs. 6-8).

    On October 25, 2024, the Court noted that Singleton previously submitted a motion for leave to proceed *in forma pauperis* ("IFP") but failed to submit the necessary trust fund account information required to determine whether he was entitled to proceed without prepayment of fees (Doc. 11). Singleton was ordered to provide certification completed by the Trust Fund Officer at his facility and a copy of his trust fund account statement by December 16, 2024 (*Id.*). He was warned that his failure to respond would result in the

1

dismissal of this action for failure to comply with an order of the Court. FED. R. CIV. P. 41(b).

In addition to his trust fund statement, Singleton was previously ordered to submit a form indicating his consent or declination to magistrate judge jurisdiction (Doc. 12). Singleton failed to comply with the Court's Order. On December 2, 2024, the Court entered a show cause order directing Singleton to show cause why he should not receive sanctions, including dismissal of his case, for his continued failure to return the consent form (Doc. 13). The deadline for responding to the show cause order was December 16, 2024. Again, Singleton failed to respond to the Court's Order.

Singleton was warned that his failure to comply would result in the dismissal of his case for failure to prosecute and failure to comply with the Court's Orders (Docs. 11, 13). FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Now, more than 21 days after his deadline, Singleton has neither filed his trust fund statement, submitted his consent to magistrate judge jurisdiction form, or responded to the show cause order.[1]

---

[1] It also appears that Singleton has failed to update the Court with his current location. When he filed his Complaint, he was incarcerated at Robinson Correctional Center. But a review of the Illinois Department of Correction's website indicates that Singleton was released from IDOC custody on August 26, 2024. On November 27, 2024, he re-entered IDOC custody and is currently housed at the Northern Reception Center at Stateville Correctional Center. Individual in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Jan. 8, 2025). Singleton has not updated his address with the Court since his release.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** based on Singleton's failure to comply with Court Orders and failure to prosecute his claims.

If Singleton wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Singleton does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 10, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**